## Jennings v. State.

### [79 South. 813, Division B.]

1. Indictment and Information. *Pointing postol. Surplusage.*
   Where an indictment, under Code of 1906, section 1045, charging the pointing of a pistol at another, charged that the pistol was a deadly weapon, such averment was unnecessary, and surplusage, and need not be proven.

2. Criminal Law. *Trial. Injection of race question.*
   Where in a prosecution of a white man for pointing a pistol, the state proved by negro witnesses that defendant came on the scene of the difficulty with a negro woman, which fact was necessary for the jury to know all of the surrounding circumstances. Such proof did not unnecessarily inject the race question into the case, so as to arouse the jury's prejudice against the defendant.

Appeal from the circuit court of Tallahatchie county. Hon. E. D. Dinkins, Judge.

B. F. Jennings, Sr., was convicted of pointing a pistol at another, and appeals.

The facts are fully stated in the opinion of the court.

*J. H. Caldwell* and *Stone, & Stone,* for appellant.

*Ross A. Collins,* Attorney General, for the state.

COOK, P. J., delivered the opinion of the court.

The grand jury of the First district of Tallahatchie county returned an indictment against the appellant charging him with "unlawfully and willfully" pointing and aiming a pistol, a deadly weapon, at one Julius Drinkwater.

The state proved that the appellant did willfully and unlawfully point a pistol at and towards the person named in the indictment, and that this was done not in necessary self-defense.

Appellant insisted below, and here, that, as the indictment charged the pistol in question was a deadly weapon, it was necessary for the state to prove that the pistol was in fact a deadly weapon—that it was loaded and capable of causing death or inflicting some serious harm upon the person at whom it was pointed.

Section 1045 of the Code of 1906 makes the pointing of a pistol a misdemeanor, whether the same be loaded or not, and this indictment was drawn under that section. Counsel admit in their brief that it was unnecessary to charge that the pistol was a deadly weapon, but they insist that, being charged, it must be proven, and that the court erred in refusing to so charge the jury, citing *Tyler* v. *State,* 68 Miss. 395, 11 So. 25. In that case the defendant was charged with having sold intoxicating liquors to James Robertson and Henry Briner. The evidence offered by the state was to the effect that defendant sold the liquors to Briner alone. The court said that, while it was unnecessary for the state to have charged to whom the liquor was sold, but having done so, this charge was descriptive of the offense.

An examination of that case and the authorities cited therein leaves us unconvinced that the principles controlling the court in that case are applicable in the case under review.

If the evidence in the instant case was that the pistol was pointed at some person other than the one named in the indictment, then it would be on all fours with the Tyler Case. The offense here was the pointing of the pistol, and it was not descriptive of the offense to charge that the pistol was a deadly weapon.

Section 1045, Code of 1906, under which this indictment was drawn, makes it a misdemeanor for any person to point or aim at another any pistol, gun, or firearm. In this case the indictment charges that a pistol was the thing pointed, and the person at whom it was pointed was Julius Drinkwater, and this was proven. To identify the offense charged every essential fact was proven.

The statute was enacted into law to preserve the peace and to save life and limb of the people. It is not unusual that the people are wounded or killed with guns, or pistols that the offenders believed were unloaded. It is also true that the person at whom the firearm is pointed has killed the pointer believing that he was about to shoot him. So, we think, the averment in question was surplusage—did not describe or identify the offense.

Appellant complains that the race question was unnecessarily injected into the trial for the obvious purpose of arousing the prejudices of the jury against the defendant. The occasion was a negro wedding, and the place was a negro church. The defendant was present. The state proved that defendant came to the wedding in a buggy, and brought with him a colored lady. The defendant did not deny he arrived in a buggy accompanied by his sons on horseback, but he did deny that he had as his companion the lady in question. When the state proved how and with whom the defendant arrived at the church, defendant objected upon the ground that this was injecting into the case the race question.

If the state's witnesses told the truth, the defendant injected this question into the case. But it seems to us that the defendant was unduly sensitive. For the jury to arrive at a satisfactory conclusion, it was necessary for them to know all of the surrounding circumstances. The time, the place, and the company was important, when the evidence was so conflicting.

The witnesses for the state were negroes, and the witnesses for the defendant were white. If the defendant did just what the state proved, he has no cause to complain at the state proving how, with whom, and when he arrived on the scene. The state's case was supported by the blacks, and the defense was supported by the white. The jury believed the blacks, and if they told the truth the defendant has no just cause to complain. He seemed to have been in bad company, with the usual results.

*Affirmed.*